# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 10-573V
### (Not to be published[1])

* * * * * * * * * * * * * * * * * * * * * * * * *
                             *

AILEEN SNYDER,                   *

                 *

         Petitioner,        *            Filed: May 8, 2013

                 *

         v.                  *            Decision by Stipulation; Human

                 *            Papilloma Virus (HPV), Joint Pain

SECRETARY OF HEALTH AND     *            and Fatigue

                 *

HUMAN SERVICES           *

                 *

         Respondent.      *

                 *
* * * * * * * * * * * * * * * * * * * * * * * * *


## DECISION

**HASTINGS, Special Master**.

         This is an action seeking an award under the National Vaccine Injury Compensation Program[2] on account of an injury suffered by Aileen Snyder. On May 3, 2013, counsel for both parties filed a Stipulation, stipulating that a decision should be entered granting compensation. The parties have stipulated that petitioner shall receive the following compensation:

---

[1] Because this document contains an explanation for my action in this case, I intend to post this document on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Therefore, as provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, this entire document will be available to the public. *Id.*

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006 ed.). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2006 ed.).

●       A lump sum of $28,500, in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Under the statute governing the Program, as well as the "Vaccine Rules" adopted by this court, the special master must now enter a decision endorsing that stipulation, and the clerk must enter judgment, in order to authorize payment of the award.  See § 300aa-12(d)(3)(A) and (e)(3); § 300aa-13(a); Vaccine Rules 10(a), 11(a).[3]

I have reviewed the file, and based on that review, I conclude that the parties' stipulation appears to be an appropriate one.   Accordingly, my decision is that a Program award shall be made to petitioner in the amount set forth above.  In the absence of a timely-filed motion for review of this Decision, the clerk shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**


/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

---

[3] The "Vaccine Rules of the United States Court of Federal Claims" are found in Appendix B of the Rules of the United States Court of Federal Claims.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

AILEEN SNYDER, )
)
Petitioner, )
)
v. )
)
SECRETARY OF HEALTH AND )
HUMAN SERVICES )
)
Respondent. )

No. 10-573V
Special Master Hastings
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the human papillomavirus ("HPV") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received HPV vaccinations on or about July 7, 2008, September 7, 2008, and January 7, 2009.

3. The vaccines were administered within the United States.

4. Petitioner alleges that the HPV vaccines caused her to develop recurring difficulties with joint pain and fatigue and that she experienced the residual effects of these conditions for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that the HPV immunizations are the cause of petitioner's alleged joint pain and fatigue and/or any other injuries.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $28,500.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a);

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

2

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the HPV vaccinations administered on or about July 7, 2008, September 7, 2008, and January 7, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about August 23, 2010, in the United States Court of Federal Claims as petition No. 10-573V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

3

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the HPV vaccines caused petitioner's alleged joint pain and fatigue and/or any other injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

**PETITIONER:**

_____
AILEEN SNYDER

**ATTORNEY OF RECORD FOR PETITIONER:**

_____
SCOTT W. ROONEY
Nemes Rooney, P.C.
26050 Orchard Lake Rd.
Suite 300
Farmington Hills, MI 48334
(248) 442-3300

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_____
VITO CASERTA, M.D., M.P.H
Acting Director, Division of Vaccine
Injury Compensation (DVIC), Director,
Countermeasures Injury Compensation
Program (CICP)
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____
GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: May 3, 2013

5